JAMES THOMSON,

v.

DANIEL I. EBBETS and JOHN WELCH.

Complainant being assessed for the same personal property in two different counties; held, that a bill of interpleader against the two collectors is proper.

And having paid into court the amount of the highest of the two taxes, he was dismissed with costs from the fund, after both defendants had answered admitting the complainant's allegations.

1824.
18th Oct.

Interpleader.
Taxes.

BILL of interpleader. It stated, that the complainant resides about five months in the year in the first ward of the city of New York, and about seven months, at Rhinebeck in Dutchess county. That on or shortly before the 5th day of June, 1823, the assessors of the first ward of the city of New York assessed his personal property at twenty thousand dollars. That in the afternoon of that day, the complainant with his family removed, as was usual, to Rhinebeck. That on the 6th of June, on his arrival at Rhinebeck, he was assessed for his personal property at thirty five thousand dollars. As soon as complainant was informed of the last assessment he objected to it; but the assessors refused to strike his name from the roll, insisting, that as he resided more than half the year in Dutchess, he was there taxable, and they gave him a certificate of the fact of his being taxed in Dutchess, which he presented to the New York assessors, in like manner requesting them to strike out the assessment of his personal property. This they also refused and gave him a certificate of his being taxed in New York.

The assessments for Rhinebeck were completed on the 11th of June, and finally reviewed and settled by the assessors on the 7th of July, and delivered to the board of supervisors who notwithstanding the remonstrances of complainant have issued a warrant for the collection, in which complainant's name

is inserted for one hundred and forty two dollars for his personal property.

The assessments for New York were completed on the 18th of June, and being revised and settled by the assessors on the 18th of July and delivered to the mayor and aldermen as supervisors, they have issued their warrant to the collector, by which he is authorized to collect of the complainant one hundred and twenty six dollars for his personal property.

The defendants are the two collectors. The complainant offers to pay his tax to either, as the court shall adjudge, and to bring the money into court, and prays that they may interplead, &c.

Upon filing the bill, an injunction had been awarded, to restrain both the defendants, from proceeding to collect the taxes. After the answers of the defendants had been put in and some farther proceedings, the cause was submitted to the chancellor; but not in such a manner, as to enable him to decide the principal question. The point now decided, was as follows.

THE CHANCELLOR. This cause is submitted by the parties. An argument is furnished by the complainant and another by the defendant Ebbets; but none is offered on the part of the defendant Welch. The cause is however, sufficiently before me, to receive a final decision, in respect to the complainant and his concern in the controversy.

The bill states a clear case for interpleading. The complainant claims no exemption from taxes; and he offers to pay his tax to either of the defendants, as one or the other may be entitled to receive it. He was actually taxed for his personal property, both in the city of New York and in the town of Rhinebeck; and process of law had issued against him, to enforce the payment of both taxes. He was not bound to determine at his own peril, which of these two taxations was legal and valid. He was obliged and entitled to resort to this court for relief. His case stands before the court, in full compliance with all the principles and forms which govern cases of conflicting claims to the same debt or duty, where the debtor is ready to pay but can not safely pay to either of the hostile claimants. In such cases, the debtor resorting in good faith, to a court of equity for indemnity, is entitled, after

1824.

THOMSON
v.
EBBETS.

the contending claimants have answered and have admitted their claims, to be dismissed from the controversy, with costs. His costs are paid in the first instance, from the fund in controversy; and justice between the other parties in this respect, is finally done, by compelling the party whose claim is adjudged groundless, to pay those costs to the rightful claimant of the fund. Such is the established course in England; the same course has been pursued in this court; and this practice has received the sanction of the court of errors. 2 Bro. ch. ca. 149. 1 Madd. 181. 6 John. ch. 445. 1 Cow. 710.

The complainant is accordingly, entitled to his costs from the fund in court: and the defendants must proceed to contest their adverse claims, between themselves.